# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| JOHNIE MINCEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| THE GREEN TOAD LLC; GOT ) | |
| HEMP THE GREEN TOAD FAMR ) | |
| DISPENSARY LIMITED ) | |
| LIABILITY COMPANY; AND MR. ) | |
| REGINALD L. REESE, IN HIS ) | |
| INDIVIDUAL CAPACITY, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Now comes Plaintiff Johnie Mincey, by and through counsel, and for his Complaint against Defendants The Green TOad LLC; Got Hemp The Green Toad Farm Dispensary Limited Liability Company; and Mr. Reginald L. Reese, in his individual capacity (hereinafter "Defendants") states and alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this lawsuit to remedy Defendants' violation of the Fair Labor Standards Act ("FLSA") to recover from the Defendants unpaid minimum wages and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. §201 et seq., and specifically under the provisions of 29 U.S.C. §§206, 207.

## THE PARTIES

2. At all times relevant, Plaintiff Mincey was a citizen of the United States and a resident of Tattnall County, Georgia.

3. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

4. Defendant The Green TOad LLC is a domestic limited liability company licensed to do business in Georgia and may be served by delivering a copy of this Complaint to Defendant's Registered Agent for Service of Process Reginald L. Reese at 8344 Mckenzie Pl, Lithonia, GA, 30058.

5. Defendant Got Hemp The Green Toad Farm Dispensary Limited Liability Company is a domestic limited liability company licensed to do business in Georgia and may be served by delivering a copy of this Complaint to Defendant's Registered Agent for Service of Process Reginald L. Reese at 487 Cannady Road, Metter, GA, 30439.

6. Defendant Reginald L. Reese ("Defendant Reese") is a resident of Dekalb County, Georgia and may be served by delivering a copy of this Complaint to Defendant Reginald L. Reese residence at 8344 Mckenzie Pl, Lithonia, GA, 30058. Defendant Reese is the Chief Executive Officer of Defendant Got Hemp The Green Toad Farm Dispensary Limited Liability Company and Defendant The Green TOad LLC and at all times relevant herein,

Defendant Reese exercised daily operational control over the business operations of Defendants, including, but not limited to exercising control and discretion regarding employment decisions, scheduling employees for work, establishing and managing payroll policies and procedures involving overtime pay, establishing rates of compensation for individual employees, controlling expenditures of company funds, and issuing payroll to employees.

7. At all times relevant herein, Defendants were and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1). At all times pertinent to this Complaint, Defendants operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and Defendants obtain and solicit funds from non-Georgia sources, accept funds from non-Georgia sources, use telephonic transmissions going over state lines to do its business, transmit funds outside the State of Georgia, and otherwise regularly engages in interstate commerce.

8. The annual gross revenue of the Defendants is at all times material hereto in excess of $500.000.00 per annum, and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfies the FLSA's requirements. In

performing his duties for Defendants, Plaintiff used goods and products that had been moved or produced in interstate commerce.

9. At all times relevant herein, Defendants were and are an employer within the meaning of 29 U.S.C. § 203(d).

10. Defendants are subject to the FLSA, 29 U.S.C. §204 and §207.

## FACTS

11. Plaintiff was employed by Defendants with his last term of employment for purposes of this lawsuit from at least June 19, 2020 until December 12, 2020 ("Covered Period").

12. Defendant mis-classified Plaintiff as an exempt salaried employee who was ineligible to receive overtime pay at a rate of time and one-half (1.5) for hours worked over forty (40) per week.

13. Plaintiff was only paid $350.00 per week based on a regular rate of $10.00 per hour and 35 hours per week but was suffered or permitted to work *many* more hours than that without being paid for the additional hours worked.

14. Plaintiff kept track of his daily hours worked from the week ending August 28, 2020 through October 9, 2020 and from November 27, 2020 through December 11, 2020, but not from October 10, 2020 through November 26, 2020.

15. The week ending August 28, 2020, Plaintiff worked 47 hours. Plaintiff was not compensated for the additional hours worked.

16. The week ending September 6, 2020, Plaintiff worked 56.23 hours. Plaintiff was not compensated for the additional hours worked.

17. The week ending September 13, 2020, Plaintiff worked 48.20 hours. Plaintiff was not compensated for the additional hours worked.

18. The week ending September 18, 2020, Plaintiff worked 59 hours. Plaintiff was not compensated for the additional hours worked.

19. The week ending September 25, 2020, Plaintiff worked 55 hours. Plaintiff was not compensated for the additional hours worked.

20. The week ending October 2, 2020, Plaintiff worked 50.5 hours. Plaintiff was not compensated for the additional hours worked.

21. The week ending October 9, 2020, Plaintiff worked 48 hours. Plaintiff was not compensated for the additional hours worked.

22. The week ending November 27, 2020, Plaintiff worked 53.5 hours. Plaintiff was not compensated for the additional hours worked.

23. The week ending December 4, 2020, Plaintiff worked 59 hours. Plaintiff was not compensated for the additional hours worked.

24. The week ending December 11, 2020, Plaintiff worked 59.5 hours. Plaintiff was not compensated for the additional hours worked.

25. For the weeks where Plaintiff does not have records regarding his daily hours worked (October 10, 2020 through November 26, 2020), Plaintiff utilizes the average number of hours worked where records do exist to arrive at an estimate of 53.6 hours on average per week.

26. In his capacity, Plaintiff spent a vast majority of his worktime performing non-exempt manual labor duties such as performing general maintenance tasks in fixing the dispensary, office, and warehouse. Plaintiff also pulled weeds; mowed grass; watered and fertilized plants; dried the crop; and fed animals. Plaintiff also fixed equipment and mended fences on the property.

27. Plaintiff was a non-exempt employee.

28. Defendants did not pay him for all of his hours worked (minimum wage and overtime). Plaintiff was denied minimum wage and overtime pay.

## COUNT I - FAIR LABOR STANDARDS ACT
### (FLSA Minimum Wage Violations)

29. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

30. Plaintiff was not paid the minimum wage, contrary to the provisions of Section 6(a) of the FLSA (29 U.S.C. § 206(a)).

31. Defendants willfully and intentionally failed to pay Plaintiff the statutory minimum wage as required by the laws of the United States as set forth above and remains owing him back wages.

32. As a result of the under-payments of wages alleged above, Defendants are indebted to Plaintiff in the amount of the unpaid minimum wage compensation.

## COUNT II - FAIR LABOR STANDARDS ACT
### (FLSA Overtime Violations)

33. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

34. At all times material hereto, Defendants failed to comply with the FLSA in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA, but no provision was made by the Defendants to properly pay Plaintiff at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

35. Defendants violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

36. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiff overtime wages as required by federal law.

37. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

38. Defendants knew or showed reckless disregard for its actions, policies, and/or omissions violated the FLSA.

39. Defendants' unlawful conduct directly and proximately caused Plaintiff to suffer damages for which he is entitled to judgment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor awarding the following relief:

A. Enter judgment awarding Plaintiff all unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d); all overtime compensation for all hours worked over forty (40) in a workweek at the applicable time and a half rate; an equal amount of liquidated damages as the unpaid wages and overtime compensation as provided by 29 U.S.C. §216; pre-judgment interest pursuant to 29 U.S.C. §216; and costs, expert witness fees, and reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and

B. Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 9th day of July, 2021.

**CHARLES HERMAN LAW**

/s/ Charles Herman
Charles Herman
Georgia Bar No. 142852
*Attorney for Plaintiff*

7 East Congress Street, Suite 611A
Savannah, Georgia 31401
(912) 244-3999
(912) 257-7301 Facsimile
charles@charleshermanlaw.com