```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF GEORGIA
                     STATESBORO DIVISION
```

JOHNIE MINCEY,                        *
                                      *
    Plaintiff,                        *
                                      *
    v.                                *
                                      *    CV 621-048
THE GREEN TOAD LLC; GOT HEMP          *
THE GREEN TOAD FARM DISPENSARY        *
LLC; and REGINALD REESE, in           *
his individual capacity               *
                                      *
    Defendants.                       *

# O R D E R

Presently pending is Plaintiff's application for entry of default and motion for default judgment. (Doc. 11.) For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE.**

The record shows that Plaintiff filed suit on July 9, 2021 and served copies of the Summons and Complaint on Defendants on August 20, 2021 and September 1, 2021. (Docs. 1, 6-8.) The record further shows that in the six months since executing service of process, Defendants have failed to plead or otherwise respond to the Complaint. Plaintiff has therefore properly requested an entry of default.

However, there is a fatal procedural infirmity in Plaintiff's motion for default judgment. "In particular, [P]laintiff

improperly bypasse[d] the necessary precondition of a clerk's entry of default by proceeding directly to a request for the Court to enter a default judgment. The law is clear that these are separate steps that cannot be combined into one." Travelers Cas. and Sur. Co. of Am., Inc. v. E. Beach Dev., LLC, No. 07-0347-WS-B, 2007 WL 4097440, at *1 (S.D. Ala. Nov. 14, 2007); see also Ramada Franchise Sys., Inc. v. Baroda Enters., LLC, 220 F.R.D. 303, 304 (N.D. Ohio 2004) ("An entry of default and a default judgment are distinct events that require separate treatment.").

"First, the party seeking a default judgment must file [an application] for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party." UMG Recordings, Inc. v. Stewart, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006) (citations omitted); Sun v. United States, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004) (finding motion for default judgment to be premature where plaintiff had failed to obtain entry of default). In not first obtaining a clerk's entry of default before moving for default judgment, Plaintiff has improperly combined two separate steps.

Therefore, Plaintiff's motion for entry of default (Doc. 11) is **GRANTED IN PART** to the extent detailed in this Order. The Clerk

is **DIRECTED** to **ENTER DEFAULT** in favor of Plaintiff. However, Plaintiff's motion for entry of default judgment is **DENIED WITHOUT PREJUDICE**. Plaintiff may refile his motion for default judgment after the clerk's entry of default against Defendants pursuant to Federal Rule of Civil Procedure 55(a) has been entered. Additionally, the Clerk is **DIRECTED** to send a copy of this Order to Defendants at the addresses detailed in the executed summons (Docs. 6-8).

**ORDER ENTERED** at Augusta, Georgia, this 16th day of February, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA