IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JOHNIE MINCEY, | * |
| Plaintiff, | * |
| v. | * CV 621-048 |
| THE GREEN TOAD LLC; GOT HEMP THE GREEN TOAD FARM DISPENSARY LLC; and REGINALD REESE, in his individual capacity, | * |
| Defendants. | * |

**O R D E R**

Before the Court is Plaintiff's renewed motion for default judgment. (Doc. 14.) Plaintiff brings claims for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*, as amended, through which he seeks to recover unpaid minimum wages and overtime compensation along with liquidated damages and attorney's fees and costs. (Doc. 1, at 1.) Defendants have not appeared, pled, or otherwise defended this action. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff worked for Defendants from June 19, 2020 until December 12, 2020. (Id. at 4.) He alleges he was misclassified as an exempt, salaried employee – ineligible to receive overtime

pay for hours worked over forty hours per week. (Id.) He further alleges that although he was paid for only 35 hours per week (totaling $350.00 per week), he worked "many more hours than that without being paid for the additional hours worked." (Id. (emphasis omitted).) Thus, he requests backpay for the unpaid hours, including overtime for any hours worked over 40 each week.

Plaintiff's unpaid hours took place over the 16-week period between August 28, 2020 and December 11, 2020. (Doc. 14, at 4-5.) For ten of those weeks, Plaintiff kept itemized records detailing the precise hours he worked. (Id.) For the other six weeks (the weeks ending October 17, 2020 through November 20, 2020), Plaintiff failed to keep itemized records, so his requested backpay amount is based on the average amount of hours (53.6) he worked during the itemized period.[1] (Id. at 5.) Since Plaintiff was paid for the first 35 hours each week, and since the FLSA provides for overtime pay for each hour over 40 hours per week, Plaintiff requests his regular pay rate - $10.00 per hour - for the first five additional hours he worked each week, and then the

---

[1] Plaintiff alleges he failed to keep records for a seven-week period: the weeks ending October 10, 2020 through November 26, 2020. (Doc. 14, at 5.) This presents two problems. First, the period of weeks ending on October 9, 2020 through November 26, 2020 is eight weeks. Second, Plaintiff makes itemized claims for the weeks ending on October 9, 2020 and November 27, 2020. (Id. at 4.) There were only six weeks between those itemized weeks: the weeks ending on October 16, 2020 through November 20, 2020. Thus, Plaintiff's claim for a seventh extra week will be excluded from the calculations below. The Court will use Plaintiff's more precise, itemized figures where available, and will use Plaintiff's averaged figures for the non-itemized six-week period.

2

overtime rate - $15.00 per hour - for every hour worked each week after that. (Id. at 4-5.) In total, Plaintiff's proper claim is for 80 hours of pay at the regular rate (five hours per week for sixteen weeks) and 217.53 hours of pay at the overtime rate (his individual request for ten itemized weeks, plus 13.6 hours per week for six non-itemized weeks). (Id.)

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 55(b), "a court may enter default judgment against a defendant when (1) both subject matter and personal jurisdiction exist, (2) the allegations in the complaint state a claim against the defendant, and (3) the plaintiff shows the damages to which it is entitled." Senn Brothers, Inc. v. Heavenly Produce Palace LLC, No. CV 119-196, 2020 WL 2115805, at * 1 (S.D. Ga. May 4, 2020) (citing Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356-58 (S.D. Ga. 2004)). Final judgment is appropriate so long as "the pleadings state a substantive cause of action and contain a sufficient basis to support the relief sought." Kennedy v. NILA Invs., LLC., No. 2:19-cv-090, 2020 WL 3578362, at *1 (S.D. Ga. July 1, 2020) (citing Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007)).

3

Further, "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact" set forth in the complaint. Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005)); Eagle Hosp. Physicians, LLC. v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (internal quotations and citation omitted)).

**B. Analysis**

1. Jurisdiction

Plaintiff's FLSA claim arises under federal law. Therefore, the Court has original jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1331. Venue is proper in the Southern District of Georgia because the transaction and occurrences which gave rise to this action occurred in the Augusta Division of this Court. Moreover, the Court has personal jurisdiction over the Defendants because Plaintiff personally served them on August 18, 2021 and September 1, 2021. (Docs. 6-8.)

2. Liability

Defendant has not responded to this action. Accordingly, Plaintiff's well-pled allegations of fact are deemed admitted as true. Surtain, 789 F.3d at 1245. Plaintiff sufficiently alleges

4

Defendants operate in interstate commerce with gross revenue over $500,000 per year, satisfying the FLSA's enterprise requirements. (Doc. 1, at 3); See Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298-99 (11th Cir. 2011) (explaining the requirements for FLSA "enterprise coverage.")  He claims he was employed by Defendants but, as described above, underpaid due to his misclassification as an exempt, salaried employee.  (Doc. 1, at 4.)  Plaintiff claims he was paid for 35 hours per week, but actually worked the hours represented in the table below:

| Week Ending | Hours Worked |
| --- | --- |
| August 28, 2020 | 47 |
| September 4, 2020 | 56.23 |
| September 11, 2020 | 48.2 |
| September 18, 2020 | 59 |
| September 25, 2020 | 55 |
| October 2, 2020 | 50.5 |
| October 9, 2020 | 48 |
| November 27, 2020 | 53.5 |
| December 4, 2020 | 59 |
| December 11, 2020 | 59.5 |

(Doc. 14, at 4.)  For the six weeks ending October 17, 2020 through November 20, 2020, Plaintiff failed to keep itemized records, but

5

instead claims he worked an average of 53.6 hours per week. (Id. at 5.)

"Any employer who violates the [FLSA] shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation." 29 U.S.C. § 216(b). Since Plaintiff's claims are deemed admitted, Defendants' failure to pay Plaintiff for the hours he worked constitutes a violation of the FLSA, and he is entitled to his unpaid compensation as a result. Id. The Court analyzes the appropriate amount of damages below.

3. Damages

Plaintiff requests $4,316.95 in compensatory damages for lost income, $4,316.95 in liquidated damages, and $4,168.00 in attorneys' fees and costs. (Doc. 14, at 5.) The Court again notes that Plaintiff counted at least one week (the week ending November 27, 2020) twice.

Regarding compensatory damages for lost income, Plaintiff is owed $10.00 per hour for the first five additional hours worked each week. For sixteen weeks, Plaintiff is owed $800.00. Plaintiff also seeks $15.00 per hour for each additional hour worked each week. See Josendis, 662 F.3d at 1298 ("The FLSA mandates that an employee who is engaged in interstate commerce must be paid an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week."

6

(citing 29 U.S.C. § 207(a)). For 217.53 overtime hours, Plaintiff is owed $3,262.95. Taken together, Plaintiff's owed regular and overtime wages equal $4,062.95 in unpaid wages.

"Under the FLSA, if a plaintiff is entitled to recover unpaid wages, then he is statutorily entitled to an equal amount of liquidated damages." Norman v. BPR Brampton LLC, No. 6:20-cv-95, 2021 WL 2877601, at *2 (S.D. Ga. July 8, 2021) (citing 29 U.S.C. § 216(b)). As such, Plaintiff is entitled to recover $4,062.95 in liquidated damages.

Regarding attorneys' fees, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Accordingly, attorneys' fees are appropriate in this case. Plaintiff requests $4,168.00 in attorneys' fees and costs. (Doc. 14, at 5.)

The Eleventh Circuit has adopted the lodestar method for determining reasonable attorney's fees. Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). The "lodestar" is calculated by "multiply[ing] the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services . . . ." Ass'n of Disabled Ams. v. Neptune Designs, Inc., 469 F.3d 1357, 1359 (11th Cir. 2006) (citing Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983); Norman, 836 F.2d at 1299). "In determining what is a

7

'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). The Johnson factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 1350 n. 2 (citation omitted).

a. *Reasonable Hourly Rate and Hours Expended*

The Court first turns to the reasonable hourly rate. A reasonable rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299 (citation omitted). The "going rate" in the community is the most critical factor in setting the fee rate. Martin v. Univ. of S. Ala., 911 F.2d 604, 610 (11th Cir. 1990). The relevant legal community is the district in which the court sits, here, the Southern District of Georgia, Augusta Division. See Knight v. Alabama, 824 F. Supp. 1022, 1027 n.1 (N.D. Ala. 1993) (citing

8

Turner v. Sec'y of Air Force, 944 F.2d 804, 808 (11th Cir. 1991)). Because the Court is itself considered an expert on hourly rates in the community, it may consult its own experience in forming an independent judgment. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). This Court has previously determined a reasonable billing rate in the Augusta market is $300.00 per hour. See Whitesell Corp. v. Electrolux Home Prods., Inc., No. CV 103-050, 2019 WL 1714135, at *2 (S.D. Ga. Apr. 17, 2019) (citations omitted). Attorney Herman seeks an hourly rate of $300.00, which accords with the reasonable billable rate in Augusta. The Court thus finds this rate reasonable given the applicable Johnson factors.

Having determined a reasonable hourly rate, the Court now addresses the hours reasonably expended. Fee applicants are required to exercise "billing judgment." Am. Civ. Liberties Union of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999). This means "excessive, redundant, or otherwise unnecessary hours . . . that would be unreasonable to bill to a client" must be excluded. Id. (internal citations and quotations omitted). Although Defendants failed to object to Plaintiff's motion, the Court has a duty not to award excessive attorney's fees and expenses. See id. ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them. . . . Courts are not authorized to be generous with the money of others . . . .").

According to Plaintiff's affidavit, Attorney Charles Herman billed 11.8 hours in this case. (See Doc. 11-1, at 3.) A review of the line-item entries reveals Plaintiff's requested number of hours reasonable. (See id. at 5-6.)

    b. *Calculation of the Lodestar*

As stated above, to determine the lodestar, the Court multiplies the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services. See Neptune Designs, 469 F.3d at 1359. Multiplying 11.8 hours, the reasonable hours expended by counsel, by $300.00 per hour, the reasonable hourly rate, results in a lodestar amount of $3,540.00. The Court also finds Plaintiff's requested amount of costs - $628.00 - reasonable, and **GRANTS** the request. Accordingly, Plaintiff's request for costs and attorneys' fees in the amount of $4168.00 is **APPROVED**.

### III. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's motion for default judgment (Doc. 14) is **GRANTED**. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Plaintiff in the amount of $12,293.90 in damages, including $4,062.95 in compensatory damages for lost income, $4,062.95 in liquidated damages pursuant to the FLSA, and $4,168.00 in attorneys' fees and costs. The Clerk is **FURTHER**

**DIRECTED** to **TERMINATE** all pending deadlines and motions and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ___7th___ day of April, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA